UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRINT NEXTEL CORPORATION and SPRINT COMMUNICATIONS COMPANY, L.P.,<br><br>                **Plaintiffs**,<br><br>v.<br><br>ACE WHOLESALE, INC, *ET AL.*,<br><br>                **Defendants.** | Miscellaneous Action No. 1:14-mc-00247-P1<br><br>**(Related to Civil Action**<br>**1:12-cv-2902-JEC, N.D. Ga.)** |

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs Sprint Nextel Corporation and Sprint Communications Company, L.P. (collectively, "Sprint") submit this memorandum of law in support of their Motion to Compel non-party P & R Brothers, LLC ("P&R Brothers") to produce documents and to testify at a deposition.

## INTRODUCTION

Sprint's Motion to Compel relates to an action pending in the United States District Court for the Northern District of Georgia. Sprint filed suit against Defendants Ace Wholesale, Inc., Jason Floarea, Tony Archie, Barney Gunn, CopaTrade, Inc. and Moshe Alezra (collectively, Defendants") because they were engaging in unlawful business practices involving the unauthorized and deceptive bulk purchase and resale of Sprint's wireless telephones (the "Sprint Phones" or the "Phones"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademark rights (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme"). (Decl. G. Podolsky ¶ 2.) Sprint's Complaint

seeks damages and injunctive relief as a result of Defendants' violations of multiple state and federal laws. (See id. ¶ 3.)

In the course of the litigation, Sprint uncovered evidence demonstrating that P&R Brothers transacted business with some of the Defendants and has relevant information regarding Defendants' trafficking of Sprint Phones. (Id. ¶ 4.) Sprint attempted to ascertain this relevant information from the Defendants, however, they asserted their fifth amendment privilege and refused to testify.[1] (Id. ¶ 4.) Thus, Sprint is limited to third-party discovery to gather evidence of Defendants' actions pertaining to the claims in this case. (Id.)

Based on this limitation, Sprint issued a subpoena to P&R Brothers (the "Sprint Subpoena" or the "Subpoena") requiring P&R Brothers to produce documents at Sprint's counsel's Manhattan office and to appear for a deposition in Manhattan. At P&R Brothers' request, Sprint extended the Subpoena's document production deadline multiple times. P&R Brothers nevertheless failed to produce documents or otherwise respond to the Subpoena, and Sprint was forced to postpone the deposition. P&R Brothers has provided no justification for its refusal to respond to the Subpoena. Accordingly, Sprint requests that the Court enter an order compelling P&R Brothers to comply with the Subpoena and award Sprint its expenses, including attorney's fees and costs, associated with bringing this Motion.

## FACTS

Through discovery, Sprint learned that, in connection with the Bulk Handset Trafficking Scheme, P&R Brothers purchased Sprint Phones from Ace Wholesale and sold Sprint Phones to Ace Wholesale. To date, Sprint has uncovered evidence demonstrating that P&R Brothers purchased at least three hundred and fifteen (315) Sprint Phones from Ace Wholesale for a total of $123,561.56

---

[1] Sprint contends that Defendants' assertion of the Fifth Amendment privilege was improper and will likely seek adverse inferences against the Defendants.

2

and P&R Brothers sold at least thirty-eight (38) Sprint Phones to Ace Wholesale for a total of $9,685.00. (Id. ¶ 5.) Therefore, P&R Brothers possesses relevant information and documents related to the Scheme. (See id.)

Sprint tried to obtain this relevant information from the Defendants directly, but has been unable to do so because Ace Wholesale's President, Jason Floarea, asserted his Fifth Amendment privilege against self-incrimination on his own behalf and on behalf of Ace Wholesale, Inc., regarding the Scheme. (Id. ¶ 4.) Sprint therefore is limited to third-party discovery to gather evidence of Defendants' Scheme. (Id.)

Accordingly, on April 18, 2014, Sprint's counsel issued, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Sprint Subpoena requiring P&R Brothers (i) to produce, by May 19, 2014, documents pertaining to its business dealings with Defendants, and (ii) to submit to a corporate deposition on June 13, 2014. (Id. ¶ 6.) On May 6, 2014, the Subpoena was served on P&R Brothers' registered agent Pujan Maniyar at P&R Brothers' registered office, located at 1516 Kennedy Boulevard, Union City, New Jersey 07087. (Id. ¶ 7.) The documents were required to be produced, and the deposition was noticed to take place, at the Manhattan office of Sprint's counsel, located at 405 Lexington Avenue, New York, New York 10174. (Id. ¶ 8.) The distance from P&R Brothers' Union City office to Sprint's counsel's Manhattan office is less than six miles. (Id.)

P&R Brothers did not respond to the Sprint Subpoena by the May 19, 2014 production due date. (Id. ¶ 9.) Accordingly, on May 30, 2014, a paralegal for Sprint's counsel, Fred H. Lurie, contacted Pujan Maniyar, P&R Brothers' registered agent and, upon information and belief, sole owner, to confer in good faith regarding the Subpoena. (Id. ¶ 10.) During this conversation, Mr. Maniyar stated that he sent the Subpoena to his lawyer and his lawyer responded to Sprint's counsel. (Id.) Mr. Maniyar was incorrect as Sprint did not receive a response from P&R Brothers' attorney.

(Id.) Shortly after the May 30th telephone conversation, counsel for Sprint contacted Mr. Maniyar solely for the purpose of obtaining P&R Brothers' attorney's contact information. (Id.) Mr. Maniyar identified P&R Brothers' attorney as Amelio Marino and provided his telephone number. (Id.)

On June 3rd, counsel for Sprint contacted Mr. Marino regarding the Subpoena, left a voicemail, and sent an email in an effort to resolve, without court intervention, P&R Brothers' failure to respond to the Subpoena. (Id. ¶ 11.) On June 7, 2014, Mr. Marino informed Sprint's counsel that he did not represent P&R Brothers. (Id. ¶ 12.)

On June 9, 2014, based on Mr. Marino's representation, Sprint's counsel wrote an email directly to Mr. Maniyar, P&R Brothers' registered agent, to request that P&R Brothers immediately produce the documents required by the Subpoena. (Id. ¶ 13.) Mr. Maniyar responded that Mr. Marino did represent P&R Brothers, and he requested two additional days to make the production. (Id.) Sprint's counsel agreed and extended the production deadline to June 11, 2014. (Id.)

After June 11, 2014, Mr. Marino informed Sprint's counsel, in a telephone conference, that he did represent P&R Brothers, and he stated that he would send P&R Brothers' document production by June 16, 2014. (Id. ¶ 14.) Because Sprint needed to receive P&R Brothers' documents before deposing the company's corporate designee, Sprint postponed the June 13, 2014 deposition of P&R Brothers pending the receipt of the documents. (Id. ¶ 15.)

P&R Brothers did not produce any documents on June 16, 2014. (Id. ¶ 16.) To date, P&R Brothers still has not produced documents, has not filed any objections to the Subpoena, and has not offered any excuse for its failure to comply with the Subpoena. (Id. ¶ 17.) Because Sprint is entitled to the documents requested in its Subpoena and is entitled to depose P&R Brothers, Sprint filed its Motion to Compel.

4

## ARGUMENT

I. **THE COURT SHOULD COMPEL P&R BROTHERS TO COMPLY WITH THE SPRINT SUBPOENA**

Rule 34 of the Federal Rules of Civil Procedure authorizes parties in civil actions to request from non-parties, by Rule 45 subpoena, "documents and tangible things" within the scope of discovery permitted by Rule 26(b). See Fed. R. Civ. P. 34(c). If a non-party fails to produce documents in compliance with a subpoena, the United States District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed documents. See Fed. R. Civ. P. 37(a)(1), 45(d)(2)(B)(i); see also Tucker v. Am. Int'l Grp., Inc., 281 F.R.D. 85, 99 (D. Conn. 2012) ("The Court recognizes that it has inherent authority to compel inspection of [a non-party's documents] under Rules 45, 34, and 37 of the Federal Rules of Civil Procedure."). As detailed herein, the Court should compel P&R Brothers' compliance with the Sprint Subpoena.

A. The Sprint Subpoena is Valid and was Properly Served

In accordance with Rule 45(a), the Sprint Subpoena was issued from the United States District Court for the Northern District of Georgia, where this action is pending. There is no dispute that the Subpoena satisfies the form and content requirements of Rule 45(a) and that the Subpoena was properly served on P&R Brothers' agent, who acknowledged receipt of the Subpoena on multiple occasions. The Sprint Subpoena requires compliance at Sprint's counsel's Manhattan office, less than 6 miles from P&R Brothers' registered office in Union City, New Jersey. See Fed. R. Civ. P. 45(c) (providing that a subpoena may command attendance at a deposition and production of documents at a place "within 100 miles" of where the subpoenaed entity regularly transacts business). The Subpoena is thus valid, and the Court should compel P&R Brothers to comply with the Subpoena.

### B. The Sprint Subpoena Seeks P&R Brothers' Deposition on Topics, And Production of Documents, Within the Scope of Discovery

Rule 26(b) provides that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Pegoraro v. Marrero, 281 F.R.D. 122, 127 (S.D.N.Y. 2012) (alterations in original) (quoting Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992)) (internal quotation marks omitted).

The Sprint Subpoena seeks P&R Brothers' deposition on topics pertaining to the business dealings between Defendants and P&R Brothers. The Subpoena further seeks the production of documents on the business dealings between Defendants and P&R Brothers. Testimony and documents on these topics will show whether, and to what extent, Defendants sold Sprint Phones to P&R Brothers or bought Sprint Phones from P&R Brothers in furtherance of the Bulk Handset Trafficking Scheme. The information sought in the Sprint Subpoena will also assist in identifying Defendants' co-conspirators. The documents also will allow Sprint to conduct a thorough and meaningful deposition of P&R Brothers' corporate designee, which will likely result in the discovery of Defendants' methods of carrying out the Bulk Handset Trafficking Scheme. Because Defendants refuse to submit to depositions on this topic, asserting their Fifth Amendment privilege against self-incrimination, depositions of third-party business partners of Defendants, like P&R Brothers, is critical for Sprint to develop its claims. The Subpoena thus properly seeks a deposition and the production of documents within the permissible scope of discovery.

Moreover, P&R Brothers has not objected to the scope of the Sprint Subpoena or asserted that compliance with the Subpoena would impose an undue burden or expense, and the deadline

6

to assert these or any other objections has long passed. See Fed. R. Civ. P. 45(d)(2)(B) (providing that objections to a document subpoena must be served in writing "before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Accordingly, P&R Brothers has waived any objections it may now wish to assert, and Sprint is entitled to all of the documents requested in the Subpoena. See Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified by [current Rule 45(d)(2)(B)] typically constitutes a waiver of such objections.")[2]; 9A Charles Alan Wright et al., Federal Practice and Procedure § 2463 ("A failure to object within the fourteen-day period usually results in waiver of the contested issue."); see also In re Corso, 328 B.R. 375, 384 (E.D.N.Y. 2005) (noting that "[t]he fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections" and holding that non-party who failed to file objections consequently waived all objections that subpoena was unduly burdensome and overbroad). The Court should thus compel P&R Brothers to comply with the Sprint Subpoena.

## II. SPRINT IS ENTITLED TO ITS ATTORNEY'S FEES AND COSTS

Under Rule 37(a)(5), Sprint is entitled to recover its expenses, including attorney's fees and costs, incurred as a result of filing this Motion. See Fed. R. Civ. P. 37(a)(5) ("If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); Anderson v. City of New York, No. CV-06-5363 KAM/VVP, 2009 WL 3731973, at *1 (E.D.N.Y. Nov. 6, 2009) ("Any motions to compel compliance with a duly

---

[2] Concord cites the former Rule 45(c)(2)(B), which in 2013 was re-designated as the current Rule 45(d)(2)(B). See Fed. R. Civ. P. 45 note on 2013 Amendment.

issued subpoena, if successful, would of course entitle the moving party to an award of attorneys' fees and costs in appropriate circumstances.").

Sprint made many good faith attempts to resolve the discovery issues without bringing the Court into the dispute. P&R Brothers has offered no justification for failing to comply with the Sprint Subpoena. Moreover, Sprint has been and continues to be prejudiced by P&R Brothers' actions and the circumstances warrant an award of expenses. See, e.g., Ultradent Prod., Inc. v. Hayman, No. M8-85 RPP, 2002 WL 31119425, at *5 (S.D.N.Y. Sept. 24, 2002) (awarding costs under Rule 37 against non-party who failed to comply with document subpoena); Aetna Cas. & Sur. Co. v. Rodco Autobody, 130 F.R.D. 2, 4 (D. Mass. 1990) (awarding attorney's fees and costs against non-party who failed to comply with discovery subpoena); see also Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc., 712 F.2d 1324, 1326 (9th Cir. 1983) (holding that the district court properly ordered subpoenaed witness's attorney to pay motion to compel expenses because attorney's advice not to answer questions "was not justified").

In addition, since P&R Brothers failed to comply with the Sprint Subpoena and failed to offer any objections or other reasons for its non-compliance, the Court may hold P&R Brothers in contempt. See Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); see also PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002) ("The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena."). A finding of contempt is warranted here because P&R Brothers' conduct shows willfulness: the company first led Sprint's counsel to believe that it would comply with the Sprint Subpoena and then chose to ignore altogether its Subpoena obligations, without offering any explanation or excuse. In finding

contempt, the Court may award Sprint litigation expenses, in addition to any other sanctions the Court deems appropriate. See Gucci Am., Inc. v. Weixing Li, No. 10 CIV. 4974 RJS, 2012 WL 5992142, at *8 (S.D.N.Y. Nov. 15, 2012) (awarding attorney's fees and costs after finding subpoenaed non-party in contempt for failure to comply with subpoena); PaineWebber, 211 F.R.D. at 249 (holding subpoenaed non-parties in contempt because they failed, without excuse, to produce documents or attend deposition). The Court should thus find P&R Brothers in contempt and order it to reimburse Sprint's costs and expenses, including attorney's fees, incurred in bringing this Motion.[3]

## CONCLUSION

For the foregoing reasons, the Court should grant Sprint's Motion to Compel and enter an order requiring (i) P&R Brothers to produce the documents requested in the Sprint Subpoena and (ii) to appear for a deposition after making the required document production. The Court should also award Sprint its expenses, including attorney's fees and costs, associated with bringing this Motion.

Dated: August 6, 2014.

_____
Jennifer A. Yasko (JY4034)
Email: jyasko@cfjblaw.com
James B. Baldinger
Florida Bar No. 869899
Email: jbaldinger@cfjblaw.com
Stacey K. Sutton
Florida Bar No. 289530
Email: ssutton@cfjblaw.com
CARLTON FIELDS JORDEN BURT P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401-6350

---

[3] If the Court grants Sprint's request, Sprint will submit itemized documentation of its litigation expenses.

Tel: 561-659-7070
Fax: 561-659-7368

Gail Podolsky
Georgia Bar No. 142021
Email: gpodolsky@cfjblaw.com
CARLTON FIELDS JORDEN BURT P.A.
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Tel:   404-815-3400
Fax:   404-815-3415

*Attorneys for Sprint Nextel Corporation and Sprint Communications Company, L.P.*

## CERTIFICATE OF CONFERRAL

Pursuant to Rule 37(a)(1), undersigned counsel certifies that P&R Brothers was contacted in an effort to resolve the issues raised herein without court action, but no agreement was reached on such issues.

_____
Jennifer A. Yasko

## CERTIFICATE OF SERVICE

I certify that, on August 6, 2014, a true and correct copy of the foregoing was sent via email and overnight delivery to the following:

| | |
|---|---|
| D. Fernando Bobadilla<br>The Bobadilla Law Firm<br>20900 N.E. 30th Avenue, Suite 815<br>Aventura, Florida 33180<br>Email: fernandob@bobadillafirm.com<br><br>Stephen R. Risley<br>Smith Risley Tempel Santos LLC<br>Two Ravinia Drive, Suite 700<br>Atlanta, Georgia 30346<br>Email: srisley@srtslaw.com<br><br>*Counsel for Defendants Ace Wholesale, Inc., Jason Floarea, Eric Mandreger, Dominick Lanore, Tony Archie, and Mr. Jose Genel* | Moshe Alezra<br>P.O. Box 15191<br>Atlanta, Georgia  30333<br> Email: mo@copatrade.com<br><br>*Pro se Defendant* |
| Amelio Marino<br>Marino & Veneziano<br>163 West 71st Street<br>New York, New York 10023<br>Email: marino@marinomanhattanlaw.com<br><br>*Counsel for Non-Party P & R Brothers, LLC* | Pujan Maniyar<br>P & R Brothers, LLC<br>1516 Kennedy Boulevard<br>Union City, New Jersey 07087<br>Email: pujan.maniyar@gmail.com<br><br>*Registered Agent for Non-Party P & Brothers, LLC* |

_____
Jennifer A. Yasko